UNITED STATES DISTRICT COURT
For the
Southern District of Texas

JOSH MCDOWELL & LILIANA
MCDOWELL

    *Plaintiffs*

| | |
|---|---|
| BATH & BODYWORKS, LLC, BATH & BODY WORKS, INC, RETAIL STORE OPERATIONS, INC., BEAUTY SPEACIALTY HOLDING, LLC, GLOBAL TECH INDUSTRIES, INC., L BRANDS, INC. AND ALENE CANDLES INC.<br>    *Defendant(s)* | ) ) ) Civil Action No. 4:24-cv-00401 ) ) ) ) |

### DEFENDANT, ALENE CANDLES, INC., ORIGINAL RESPONSE

COMES NOW, Alene Candles, Inc. (hereinafter "Defendant"), a Defendant in the above styled and numbered cause, and reserving the right to file other and further pleadings, exceptions, and denials, files this, its Response to Plaintiffs' Original Complaint, and would respectfully show the Court as follows:

### I. ANSWER

For its Response to Plaintiffs' Complaint, Defendant responds as follows:

### II. PARTIES

1. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of whether Paragraph 1 of Plaintiffs' Original Complaint is correct, so it can either admit nor deny the same.

2. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 2 of Plaintiffs' Original Complaint, and therefore, can neither admit nor deny the same.

3. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 3 of Plaintiffs' Original Complaint, and therefore, can neither admit nor deny the same. Upon information and belief, Bath and Body Works, Inc. is an American specialty retail company based in Columbus, Ohio. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 3 of Plaintiffs' Original Complaint, and therefore, can neither admit nor deny the same.

4. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 4 of Plaintiffs' Original Complaint, and therefore, can neither admit nor deny the same.

5. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 5 of Plaintiffs' Original Complaint, and therefore, can neither admit nor deny the same.

6. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 6 of Plaintiffs' Original Complaint, and therefore, can neither admit nor deny the same.

7. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 7 of Plaintiffs' Original Complaint, and therefore, can neither admit nor deny the same.

8. Defendant admits that it is a foreign corporation with its principal place of business in New Albany, Ohio, as stated in Paragraph 8 of Plaintiffs' Original Complaint.

9. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 9 of Plaintiffs' Original Complaint, and therefore, can neither admit nor deny the same.

10. The statement contained in Paragraph 10 of Plaintiffs' Original Complaint requires no response from Defendant.

11. Defendant does not have knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 11 of Plaintiffs' Original Complaint, and therefore, can neither admit nor deny the same.

12. The statement contained in Paragraph 12 of Plaintiffs' Original Complaint requires no response from Defendant.

13. Defendant does not have knowledge as to whether the other named Defendants are, or not, citizens of the states alleged in Plaintiffs' Original Complaint and, therefore, can neither admit nor deny the same.  Furthermore, Defendant admits that Plaintiffs' allege in their Complaint that their claimed damages exceed $75,000.

14. Defendant, as for itself only, denies that it determines candle product distribution by state, but admits to the remaining statements contained in Paragraph 14 of Plaintiffs' Original Complaint.

15. Defendant admits to the statements contained in Paragraph 15 of Plaintiffs' Original Complaint.

16. Defendant admits that Plaintiffs' allege in their Complaint that their claimed damages exceed $75,000; all other statements in Paragraph 16 are denied.

## STATEMENT OF THE CASE

17. Defendant denies the statements contained in Paragraph 17 of Plaintiffs' Original Complaint.

18. Defendant denies the statements contained in Paragraph 18 of Plaintiffs' Original Complaint.

19. Defendant denies the statements contained in Paragraph 19 of Plaintiffs' Original Complaint. Defendant, for itself only, is not aware of any design flaw in 14.5 oz fragrance candles with three-wick design sold and distributed by Bath & Body Works. Consumer complaints, if any, are reported to Bath & Body Works. Based on the photo provided of the Subject Candle, the warning label was properly applied to Subject Candle, and those warnings were clear and legible to Plaintiffs.

20. Defendant denies the statements contained in Paragraph 20 of Plaintiffs' Original Complaint. Defendant, for itself only, is not aware of any design flaw in 14.5 oz fragrance candles with three-wick design sold and distributed by Bath & Body Works. Consumer complaints, if any, are reported to Bath & Body Works. Based on the photo provided of the Subject Candle, the warning label was properly applied to Subject Candle, and those warnings were clear and legible to Plaintiffs.

21. Defendant denies a defective design, and further denies the remaining statements contained in Paragraph 21 of Plaintiffs' Original Complaint, which are based upon an incorrect assumption on Plaintiffs part.

22. Defendant denies a defective design, and further denies the remaining statements contained in Paragraph 22 of Plaintiffs' Original Complaint, which are based upon an incorrect assumption on Plaintiffs part.

23. Defendant denies the allegations in Paragraph 23 of Plaintiffs' Original Complaint. Defendant, as to itself only, admits to being responsible for wick optimization, applying product labeling, and quality control (inclusive of product testing) of some three-wick candles sold bearing the mark of the Defendants, including but not limited to a Bath & Body Works 14.5 -ounce, three wick candle, with the fragrance named surf shop. Defendant denies the remaining allegations in Paragraph 23 of Plaintiff's Original Compliant.

24. Defendant admits that fragrance oil is blended with waxes and dyes inside industrial batch tanks prior to manufacturing fragranced candles. Defendant denies, as worded, the remaining allegations in Paragraph 24 of Plaintiffs' Original Complaint.

25. Defendant does not have knowledge of the truth or falsity of the allegations contained in Paragraph 25 of Plaintiffs' Original Complaint and, therefore, can neither admit nor deny the same.

26. Defendant denies the allegations in Paragraph 26 of Plaintiffs' Original Complaint.

27. Defendant does not have knowledge of the truth or falsity of the allegations contained in Paragraph 27 of Plaintiffs' Original Complaint and, therefore, can neither admit nor deny the same.

28. The statement contained in Paragraph 28 of Plaintiffs' Original Complaint requires no response from Defendant.

29. Defendant denies, as worded, the allegations in Paragraph 29 of Plaintiffs' Original Complaint. Defendant, for itself only, is not aware of any design flaw in 14.5 oz fragrance candles with three-wick design sold and distributed by Bath & Body Works. Consumer complaints, if any, are reported to Bath & Body Works. Based on the photo provided of

the Subject Candle, the warning label was properly applied to Subject Candle, and those warnings were clear and legible to Plaintiffs.

30. The statements contained in Paragraph 30 of Plaintiffs' Original Complaint require no response from Defendant; however, to the extent that a response is required, Defendant denies a defect or a lack of care.

31. The statements contained in Paragraph 31 of Plaintiffs' Original Complaint require no response from Defendant; however, to the extent that a response is required, Defendant denies the statements contained in Paragraph 31 of Plaintiffs' Original Complaint.

32. Defendant denies, as worded, the allegations in Paragraph 32 of Plaintiffs' Original Complaint.

33. Defendant denies, as worded, the allegations in Paragraph 33 of Plaintiffs' Original Complaint.

34. Defendant denies the allegations in Paragraph 34 of Plaintiffs' Original Complaint.

35. Defendant does not have knowledge at this time of the truth or falsity of allegations contained in Paragraph 35 of Plaintiffs' Original Complaint, so, therefore, can neither admit nor deny the same. However, Defendant puts Plaintiffs to their burden of proof regarding the same.

36. Inspection of the Subject Candle, if it was available, would provide Defendant with an opportunity to either confirm or deny the allegations contained in Paragraph 36 of Plaintiffs' Original Complaint. However, at this time Defendant does not have information to confirm or deny the allegations in Plaintiffs' Original Complaint paragraph 36; Defendant puts Plaintiffs to their burden of proof regarding the same.

37. Defendant does not have knowledge at this time of the truth or falsity of allegations contained in Paragraph 37 of Plaintiffs' Original Complaint, so, therefore, can neither admit nor deny the same.  However, Defendant puts Plaintiffs to their burden of proof regarding the same.

38. Defendant does not have knowledge at this time of the truth or falsity of allegations contained in Paragraph 38 of Plaintiffs' Original Complaint, so, therefore, can neither admit nor deny the same.  However, Defendant puts Plaintiffs to their burden of proof regarding the same.

39. Defendant does not have knowledge at this time of the truth or falsity of allegations contained in Paragraph 39 of Plaintiffs' Original Complaint, so, therefore, can neither admit nor deny the same.  However, Defendant puts Plaintiffs to their burden of proof regarding the same.

40. Defendant does not have knowledge at this time of the truth or falsity of allegations contained in Paragraph 40 of Plaintiffs' Original Complaint, so, therefore, can neither admit nor deny the same.  However, Defendant puts Plaintiffs to their burden of proof regarding the same.

41. Defendant does not have knowledge at this time of the truth or falsity of allegations contained in Paragraph 41 of Plaintiffs' Original Complaint, so, therefore, can neither admit nor deny the same.  However, Defendant puts Plaintiffs to their burden of proof regarding the same.

42. Defendant does not have knowledge at this time of the truth or falsity of allegations contained in Paragraph 42 of Plaintiffs' Original Complaint, so, therefore, can neither admit

nor deny the same. However, Defendant puts Plaintiffs to their burden of proof regarding the same.

43. Defendant does not have knowledge at this time of the truth or falsity of allegations contained in Paragraph 43 of Plaintiffs' Original Complaint, so, therefore, can neither admit nor deny the same. However, Defendant puts Plaintiffs to their burden of proof regarding the same.

44. Defendant does not have knowledge at this time of the truth or falsity of allegations contained in Paragraph 44 of Plaintiffs' Original Complaint, so, therefore, can neither admit nor deny the same. However, Defendant puts Plaintiffs to their burden of proof regarding the same.

45. The statement contained in Paragraph 45 of Plaintiff's Original Complaint requires no response from Defendant, but to the extent that it does, Defendant denies the same.

46. The statement contained in Paragraph 46 of Plaintiffs' Original Complaint requires no response from Defendant, but to the extent that it does, Defendant denies the same.

47. The statement contained in Paragraph 47 of Plaintiff's Original Complaint requires no response from Defendant, but to the extent that it does, Defendant denies the same.

48. Defendant denies the allegations in Paragraph 48 of Plaintiffs' Original Complaint.

## **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

49. Defendant incorporates its Responses to each Paragraph set forth above herein.

50. Defendant denies the allegations set forth in Paragraph 50 of Plaintiffs' Original Complaint.

51. Defendant does not have knowledge at this time of the truth or falsity of allegations contained in Paragraph 51 of Plaintiffs' Original Complaint, so, therefore, can neither admit

nor deny the same. However, Defendant puts Plaintiffs to their burden of proof regarding the same.

52. Defendant denies that it breached any warranties that may or may not have been made, and further denies that the candle was unsafe, as set forth in Paragraph 52 of Plaintiffs' Original Complaint. To the extent that there are allegations in Paragraph 52 of Plaintiff's Original Complaint that Defendant has not yet responded to, the same are denied.

53. Defendant denies the allegations set forth in Paragraph 53 of Plaintiffs' Original Complaint.

54. The design of Subject Candle does not have a unique propensity to flashover. The bottom label of Subject Candle provided specific instructions to Plaintiff to prevent FIRE and SERIOUS INJURY (both warnings are written in capital letters on the label). Defendant denies the allegations set forth in Paragraph 54 of Plaintiffs' Original Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

56. Defendant denies the allegations set forth in Paragraph 56 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

57. Defendant denies the allegations set forth in Paragraph 57 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

58. Defendant denies the allegations set forth in Paragraph 58 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

## NEGLIGENCE

59. Defendant incorporates its Responses to each Paragraph set forth above herein.

60. Defendant does not have knowledge at this time of the truth or falsity of allegations contained in Paragraph 60 of Plaintiffs' Original Complaint, so, therefore, can neither admit

nor deny the same. However, Defendant puts Plaintiffs to their burden of proof regarding the same.

61. Defendant does not have access to, or knowledge of, the contractual relationship between BBW and Global Tech. Defendant denies the allegations set forth in Paragraph 61 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

62. Defendant denies the allegations set forth in Paragraph 62 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

63. Defendant denies the allegations set forth in Paragraph 63 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

64. Defendant denies the allegations set forth in Paragraph 64 of Plaintiffs' Original Complaint.

65. To the best of Defendant's knowledge and belief, the Subject Candle was not prone to flashover/flare-up upon shipment. Defendant is not aware of any CPSC reports on Surf Shop candles. Defendant denies the allegations set forth in Paragraph 65 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

66. Defendant, for itself only, is not aware of any design flaw in 14.5 oz fragrance candles with three-wick design sold and distributed by Bath & Body Works. Consumer complaints, if any, are reported to Bath & Body Works. Based on the photo provided of the Subject Candle, the warning label was properly applied to Subject Candle, and those warnings were clear and legible to Plaintiffs. Defendant denies the allegations set forth in Paragraph 66 of Plaintiffs' Original Complaint.

67. Defendant denies the allegations set forth in Paragraph 67 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

68. Defendant denies the allegations set forth in Paragraph 68 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

### STRICT PRODUCT LIABILITY

69. Defendant incorporates its Responses to each Paragraph set forth above herein.

70. Defendant denies the allegations set forth in Paragraph 70 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

71. Defendant denies the allegations set forth in Paragraph 71 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

72. Defendant denies the allegations set forth in Paragraph 72 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

73. The statement contained in Paragraph 73 of Plaintiff's Original Complaint requires no response from Defendant; however, to the extent that the same requires a response, then Defendant denies the allegations set forth in Paragraph 73 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

74. Defendant denies breaching any duty as alleged in Paragraph 74 of Plaintiff's Original Complaint, and further denies that the candle at issue was unreasonably dangerous or likely to cause injury.

75. Defendant denies the allegations set forth in Paragraph 75 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

76. Defendant denies the allegations set forth in Paragraph 76 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

## **DECEPTIVE TRADE PRACTICES**

77. Defendant incorporates its Responses to each Paragraph set forth above herein.

78. The statement contained in Paragraph 78 of Plaintiff's Original Complaint requires no response from Defendant; however, to the extent that the same requires a response, then Defendant denies the allegations set forth in Paragraph 78 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same

79. The statement contained in Paragraph 79 of Plaintiff's Original Complaint requires no response from Defendant; however, to the extent that the same requires a response, then Defendant denies the allegations set forth in Paragraph 79 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same

80. The statement contained in Paragraph 80 of Plaintiff's Original Complaint requires no response from Defendant; however, to the extent that the same requires a response, then Defendant denies the allegations set forth in Paragraph 80 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

81. Defendant denies the allegations set forth in Paragraph 81 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

82. The statement contained in Paragraph 82 of Plaintiff's Original Complaint requires no response from Defendant; however, to the extent that the same requires a response, then Defendant denies the allegations set forth in Paragraph 82 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

83. Defendant denies the allegations set forth in Paragraph 83 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

84. The statement contained in Paragraph 84 of Plaintiff's Original Complaint requires no response from Defendant; however, to the extent that the same requires a response, then

Defendant denies the allegations set forth in Paragraph 84 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

85. Defendant denies the allegations set forth in Paragraph 85 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

86. Defendant denies the allegations set forth in Paragraph 86 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

87. Defendant denies the allegations set forth in Paragraph 87 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

88. The statement contained in Paragraph 88 of Plaintiff's Original Complaint requires no response from Defendant; however, to the extent that the same requires a response, then Defendant denies the allegations set forth in Paragraph 88 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

89. Defendant denies the allegations set forth in Paragraph 89 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

90. Defendant denies the allegations set forth in Paragraph 90 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

91. The statement contained in Paragraph 91 of Plaintiff's Original Complaint requires no response from Defendant; however, to the extent that the same requires a response, then Defendant denies the allegations set forth in Paragraph 91 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

92. The statement contained in Paragraph 92 of Plaintiff's Original Complaint requires no response from Defendant; however, to the extent that the same requires a response, then

Defendant denies the allegations set forth in Paragraph 92 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

## PLAINTIFF'S RELIEF REQUESTED

93. Defendant denies the allegations set forth in Paragraph 93 of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

## PLAINTIFFS' PRAYER

The statement contained in the Prayer of Plaintiff's Original Complaint requires no response from Defendant; however, to the extent that the same requires a response, then Defendant denies the allegations set forth in the Prayer of Plaintiffs' Original Complaint, and Defendant puts Plaintiffs to their burden of proof regarding the same.

## DEFENDANT ALENE CANDLES, INC.'S AFFIRMATIVE DEFENSES

Pleading further, and in the alternative, Defendant affirmatively asserts that the Plaintiff's claims, in whole or in part, are barred by their comparative responsibility and that the responsibility of all parties must be proportioned as decided by Chapters 32 and 33 of the Texas Civil Practice & Remedies Code. Specifically, Plaintiffs did not exercise the care that an ordinary person in the same or similar circumstances would have exercised.

Pleading further, and in the alternative, Defendant affirmatively asserts that the Plaintiff's damages, if any, are the result of conditions not caused in whole, or in part, by any act or omission on the part of this Defendant.

Pleading further, and in the alternative, the alleged damages in question was solely caused or solely proximately caused by the acts of third persons or instrumentalities in no way connected with this Defendant, and not under the exercise or control of this Defendant.

Pleading further, and in the alternative, Defendant would show that the occurrence in question, as well as the damages complained of, if any, were solely, directly, and/or proximately caused and/or contributed to by one or more negligent act, wrong, omission or misconduct by Plaintiffs and/or other parties over whom Defendant had no control.

Pleading further, Defendant's alleged conduct did not rise to the level of "gross negligence" as that term is defined in Texas jurisprudence and Defendant is, therefore, not liable for punitive or exemplary damages.

Pleading further, Defendant would show, regarding Plaintiffs' allegations for exemplary/punitive damages, Defendant pleads as follows:

- That Plaintiffs' claim for exemplary or punitive damages is arbitrary, unreasonable, excessive, in violation of Defendant's right to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article I, Sections 13, 15 and 19 of the Texas Constitution;

- That Plaintiffs' claims for punitive or exemplary damages should be proved by a clear and convincing standard of proof as required by the Texas Civil Practice and Remedies Code or in the alternative, beyond a reasonable doubt;

- That Plaintiffs' claims for gross negligence and punitive or exemplary damages against Defendant should be determined only by Defendant's actual subjective, conscious indifference, the existence of which is denied, not by any objective indifference;

- That Plaintiffs' claims for exemplary or punitive damages, if any, must be assessed by a unanimous verdict of all jurors;

- That Plaintiffs' claims for exemplary or punitive damages should not be assessed, in part, because a defendant who is subject to punitive/exemplary damages does not have the right to refuse to testify against itself, but in fact must take the stand and/or give deposition testimony or otherwise subject itself to the consequences of a default judgment;

- That Plaintiffs' claims for exemplary or punitive damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and scope and limit of such

awards and, therefore, the standard is unduly vague and does not meet the requirements of due process;

- That Defendant is subjected to all of the hazards and risks of what amounts to a fine with respect to the Plaintiffs' claims for exemplary or punitive damages, but Defendant received none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties; and

- That there can be no award for punitive or exemplary damages, because, at a minimum, Defendant exercised some care, and in fact did not act with malice.

### **DEFENDANT ALENE CANDLES, INC.'S JURY DEMAND**

Defendant, Alene Candles, Inc., hereby requests a trial by jury, and is paying the fee for the same herein as needed.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, **ALENE CANDLES, INC,** prays that Plaintiffs take nothing by reason of this suit, that Defendant recover its costs, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

**J. DIAMOND AND ASSOCIATES, PLLC**

*/s/ Jeffrey L. Diamond*
Jeffrey L. Diamond
    State Bar No. 05802500
    Federal Bar No. 16037
1111 North Loop West, Ste. 500
Houston, Texas 77008
Telephone (713) 227-6800
Facsimile (713) 227-6801
Jeffrey@jdiamondandassociates.com
Service@jdiamondandassociates.com
Attorney for Defendant
**ALENE CANDLES, INC**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was sent via email, facsimile, hand-delivered, electronic transmission, and/or deposited in an official depository of the United States Postal Service, in a postage-paid wrapper, certified mail, return receipt requested, properly addressed to those listed below on the 12th day of March 2024.

**Via E-Service:  service@mjalawyer.com**
Matias J. Adrogue
Texas Bar No. 24012192
Southern District ID. 30647
Leila M. El-Hakam
Texas Bar No. 24007147
Southern District ID. 665005
1629 West Alabama St.
Houston, Texas 77006
Tel: 713-425-7270
Fax: 713-425-7271
***Counsel for Plaintiffs***

*/s/ Jeffrey L. Diamond*
Jeffrey L. Diamond